IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW C. STECHAUNER,

              Plaintiff,

v.

CORRECTIONAL OFFICER BAXTER, *et al.*,

              Defendants.

ORDER

24-cv-111-jdp

---

Plaintiff Matthew C. Stechauner is proceeding against staff at the Oshkosh Correctional Institution on claims that they failed to protect him in violation of his Eighth Amendment rights. Dkt. 26. This order addresses his motion to compel defendant Matthew Baxter to provide a supplemental response to an interrogatory. Dkt. 47. For the following reasons, I will deny the motion.

LEGAL STANDARD

Whether information is discoverable is governed by the Federal Rules of Civil Procedure. Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

ANALYSIS

Relevant here, Stechauner alleges that Baxter disclosed his high "risk of victimization" (ROV) status to other inmates, one of whom then slapped Stechauner's buttocks. Baxter responded to Stechauner's first set of interrogatories on July 9, 2025. Dkt. 47-1. Stechauner seeks an order compelling Baxter to provide a supplemental response to Interrogatory No. 5. In that interrogatory, Stechauner made two requests:

> 5. State if you exposed my ROV status on 10-7-22. Produce the camera footage of me and you and other prisoners at your officer station when you exposed my ROV status on 10-7-22.

*Id.*, ¶ 5.

Defendants' counsel objected to this interrogatory on the grounds that the term "exposed" is "repetitive and vague," that it is a compound question, and that it is based on the presumption that Baxter did in fact inappropriately expose Stechauner's ROV status to others. *Id.* Even so, defendants' counsel referred Stechauner to Baxter's responses to Interrogatories Nos. 2 & 4 for Baxter's version of events. Counsel also stated that the requested video from October 7, 2022 does not exist and that there is no record of Stechauner requesting to have such video preserved.

A. Exposure of ROV status

As to Stechauner's first request that Baxter indicate whether he "exposed" Stechauner's ROV status, I will not order a supplemental response. Stechauner does not explain what he means by "exposed," but given the context of the case, I will interpret this to ask whether Baxter revealed or disclosed Stechauner's ROV status in a way that other inmates heard the information. Applying this understanding, a supplemental response is not necessary or

appropriate because Baxter has stated his version of events in response to Interrogatories Nos. 2 & 4, and he cannot attest to what others may have heard.

Specifically, Baxter recalls being told to move Stechauner into another cell and realizing Stechauner's ROV status and the new cellmate's risk of abusiveness status were incompatible. When Stechauner asked why he could not move to the new cell, Baxter attests he told Stechauner that it was because of his ROV status and that he could speak with the security director about being taken off that status. Baxter admits that there were a few inmates sitting about 10 to 15 feet away watching T.V. at the time, but says he "did not speak in a loud voice." Dkt. 47-1, ¶ 4.

Baxter has admitted to telling Stechauner in a "normal conversation voice" that his ROV status prohibited him from moving to cell with a certain inmate. *Id.* Whether that constitutes an inappropriate disclosure overheard by others is for the parties to argue based on the evidence. I will not order Baxter to provide a supplemental response to this inquiry.

## B. Video footage of the incident

Stechauner also seeks production of video footage of his conversation with Baxter on October 7, 2022, but defendants' counsel states that no video was preserved. Stechauner claims that he requested preservation of the video. He points to his inmate complaint signed on October 15, 2022, where he wrote that he had "told Sarah Feltes to preserve" the video and asked the inmate complaint examiner to review that footage. Dkt. 44-3 at 1. He also points to his November 18, 2022 appeal from the dismissal of his inmate complaint, where he made the same request. *Id.* at 7.

I cannot compel production of video footage that does not exist, so I must deny Stechauner's motion to compel on that basis. But Stechauner is free to file at summary

judgment or in advance of trial a motion seeking sanctions for spoliation if he can show that he properly requested that jail officials preserve the video footage and that defendants destroyed material evidence for the purpose of hiding adverse information. *Bracey v. Grondin*, 712 F.3d 1012, 1018 (7th Cir. 2013). At the summary judgment or trial stage, the court and the parties will have the benefit of a fuller evidentiary record, and the court will be better able to determine whether, in light of the evidence that has been produced and the parties' briefing, the video footage would have been material and adverse to defendants.

This is a high standard, but with proof that the requested video existed and was destroyed in bad faith, Stechauner may be entitled to an "adverse inference" permitting the trier of fact to draw an inference that the destroyed evidence would have been unfavorable to defendants. *See Rummery v. Ill. Bell Tel. Co.*, 250 F.3d 553, 558 (7th Cir. 2001) (denying an adverse inference instruction where the moving party "offered no evidence, other than his own speculation, that [the documents] were destroyed to hide discriminatory information").

ORDER

IT IS ORDERED that plaintiff Matthew C. Stechauner's motion to compel, Dkt. 47, is DENIED.

Entered August 18, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge